"The intention of the testatrix in founding the trust is not expressed. Even if the trustee selected by the testatrix may be presumed to be familiar with her purpose and design, and to act upon such knowledge, his death would make it necessary for the court, in whom the title of the trust would rest, to direct in regard to its control and disposition."

In the light of that expression we cannot feel that this clause is to the prejudice of the trust.

The decree should be affirmed, with costs. All concur.

---

(173 App. Div. 512)

### GUNTRUM v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

1. INSURANCE ☞392(1)—WAIVER—ENTRY OF PREMIUMS IN RECEIPT BOOK.

The requirement in a policy that "payments to be recognized by the company must be entered at the time of payment in the premium receipt book belonging" to the policy, may be waived by the company's receiving and retaining premium payments, where there is no dispute between the policy holder and its agent as to whether payments have been made.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1041; Dec. Dig. ☞392(1).]

2. INSURANCE ☞371—WAIVER—POWER OF COMPANY.

While an agent may not waive the conditions of a policy, the company may do so.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 943–946; Dec. Dig. ☞371.]

Woodward, J., dissenting.

Appeal from Trial Term, Albany County.

Action by Elizabeth Guntrum, as administratrix, against the Prudential Insurance Company of America. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-WARD, and COCHRANE, JJ.

Amasa J. Parker, Jr., of Albany, for appellant.

William Goldberg, of Albany (Louis J. Rezzemini, of Albany, of counsel), for respondent.

HOWARD, J. The insurance policy upon which this action is based requires that "payments to be recognized by the company must be entered at the time of payment in the premium receipt book belonging to this policy." And it also provides that "after the expiration of the said period of grace (four weeks) the company's liability under this policy shall cease." The policy was written August 5, 1912; the insured died October 25, 1912. Six payments are entered upon the receipt book belonging to this policy, the last one being due September 9, 1912. If there were no valid payments made upon this policy after September 9, 1912, the company's liability had ceased on October 25, 1912; the premiums having been in arrears at that time for a period exceeding four weeks. But the plaintiff offered evidence that all payments had been made to, and accepted by, the company up to October

21, 1912. The jury has given credit to this evidence and found the facts to be as alleged by the plaintiff. We are not disposed to upset this verdict as being against the weight of evidence. Therefore the question arises whether the payments made subsequent to September 9th, they not having been entered in the premium receipt book, are valid.

[1, 2] Philip Jacobs, who was the agent of the defendant having in charge the collections of the premiums due on this policy, testified:

"He [the insured] never had a premium receipt book. I would give him a receipt at different times. * * * Whenever I met him he would pay me for his insurance premium. I would enter it in my collection book and give him receipts. * * * My payments were always turned in every week at the office, and his premiums were turned into the office by me; I think I was paying them between the 18th day of September and the 25th of October, 1912. * * * He was always within the limit, and therefore he was not in arrears, and nothing to keep the insurance company from paying the claim. My collection book will show all this."

The collection book was introduced in evidence and shows all payments up to October 21st. Jacobs also testified that the insured made no payments to him after September 18, 1912. It thus appears from this evidence that Jacobs was making the payments for the insured; that is to say, although the insured did not pay his premiums to Jacobs as they became due, Jacobs paid them to the company as they became due, and the company received the money and has kept it. By doing so the defendant must be held to have waived the clause of the policy which requires the entry in the receipt books of all payments; for, while an agent may not waive the conditions of a policy, the company may do so. If the plaintiff had been able only to make proof of payments to the agent, such payments, of course, under the terms of the policy, unless entered in the receipt book, would not be binding upon the company; but here the plaintiff has traced every payment due to the defendant into the coffers of the defendant—payments which remain there yet. The agent was advancing these payments under an arrangement with the insured, but the company received the money as effectively as though the insured had paid it to Jacobs and had caused the payment to be noted in the receipt book. The clause in the policy which requires all payments to be entered in the receipt book seems to have been inserted to protect the company against disputes between policy holders and agents as to whether payments have been made. But the company cannot invoke this clause when there is no such dispute, and when it has actually received and kept the premium payments.

The judgment and order should be affirmed. All concur, except WOODWARD, J., who dissents.